IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PAUL MALONE, SR. and FAITH LANIER MALONE, Plaintiffs, | : | |
| v. | : | CIVIL ACTION FILE NO. 1:14-CV-193 (WLS) |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, and BANK OF AMERICA, N.A. Defendants. | : | |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COME NOW Plaintiffs, PAUL MALONE, SR., and FAITH LAWRENCE MALONE (hereinafter "Plaintiffs") by and through undersigned counsel, and file this, their Response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint and in support thereof, provide the following Memorandum of Points and Authorities.

**STANDARD OF REVIEW**

"At the motion to dismiss stage, all well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999); Abdullahi v. Bank of America, N.A., Federal Home Loan Mortgage Corporation; *and* Pendergast & Associates, P.C. 2013 WL 1137022.

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct.1937, 173 L. Ed. 2d 868(2009). "A complaint is plausible on its face when the

plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

Plaintiffs allege that BAC Home Loan Servicing, L.P., formerly known as, Countrywide Home Loans Servicing, L.P. charged for insurance premiums which were not authorized and which had not been ordered by Plaintiff. BAC chose to apply the monthly payments first to the insurance premium and not to the principal and interest which caused their payments to be shown on BAC's records as insufficient and therefore incurring late fees or not being applied and placed in a suspense account. Plaintiffs also allege that BAC failed to apply five months of payments which were made on line to Countrywide after its acquisition by BAC but before the Plaintiffs were advised to make payments to BAC. For purposes of this motion those factual allegations are to be treated as true. If taken as true, those facts are sufficient to conclude that BAC, now Bank of America, N.A. is liable for the wrongful conduct alleged and that the foreclosure was not done "in good faith". These allegations are not a mere "formulaic recitation of the elements of a cause of action." They are "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Edwards v. HSBC Mortgage Services, Inc., 2013 WL 4806922, (USDC NDGA Sept. 9, 2013) quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed 2d 868 (2009); quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

BAC's failing to account for all of Plaintiff's payments is an obvious breach of the contractual duty to fully account for all payments made by Plaintiffs and the implied covenant of good faith. Further, the foreclosure of Plaintiffs' property by BOA, N.A. and subsequent purchase by FHLMC were not done in good faith.

**RESPONSE TO DEFENDANTS' STATEMENT OF FACTS**

Plaintiffs have shown by the Warranty Deed to Faith Lanier Malone, dated July 10, 1981, (Amended Compl. ¶ 5 & Exh. "A") and the last vesting deed from Faith Lanier Malone to Paul E. Malone, Sr., and Faith Lanier Malone, husband and wife as joint tenants, dated August 26, 2007, recorded in Deed Book 3389, page 307, Dougherty County Deed Records, (Amended Compl. ¶ 6 & Exh. "B") that they were record title holders of the residence located at 2700 Wilton Court, Albany, Dougherty County, Georgia at the time of the purported execution of that certain Security Deed from them as grantors to Mortgage Electronic Registration Systems, Inc. (hereafter, "MERS") (solely as nominee for lender and lender's successors and assigns) in which the lender/grantee was Nationwide Lending Corporation, which Security Deed is dated August 14, 2007 and was filed for record on September 10, 2007, and is recorded in Deed Book 3389, page 310 - 326, in the Deed Records of Dougherty County, Georgia. A copy of that Security Deed is attached to Plaintiffs' Complaint as Exhibit "C ". (Amended Compl. ¶¶ 8-9, & Exh. "C").

That Security Deed was not executed on August 14th but on August 26, 2007 at the Plaintiffs' home in the presence of attorney Ramon Fajardo, without the presence of the unofficial witness or the notary public whose names and official seal appear thereon. (Amended Compl. ¶¶ 7-9).

In February of 2008, Plaintiffs received a solicitation from Countrywide Home Loans Servicing, L.P. (hereafter, "Countrywide") offering to sell credit life insurance from Balboa Insurance, which was a company related to Countrywide. (Amended Compl. ¶ 15). Plaintiffs agreed to receive and examine the policy of insurance and after doing so

declined to purchase same and sent Countrywide the appropriate notice of cancellation. (Amended Compl.¶ 16).

In April of 2008, Countrywide began adding the premium for the credit life insurance policy to the monthly escrow payment invoice amount. (Amended Compl. ¶ 18). Plaintiffs continued to make their correct monthly mortgage payments to Countrywide online and made repeated attempts to have the billing corrected to reflect that no insurance premium was due. (Amended Compl. ¶ 17).

In January of 2009, Countrywide was acquired by BAC Home Loans Servicing, L.P., and in May 2009 the Countrywide web site redirected Plaintiff to make her online payment to BAC's web site. (Amended Compl. ¶ 19). BAC and Countrywide were unable to account for the payments which Plaintiff made online to Countrywide during the five months between the acquisition and the redirection of Plaintiff to the BAC website. Those payments were received by Countrywide but were not properly accounted for or applied to Plaintiffs' mortgage payment record as maintained by BAC. (Amended Compl. ¶¶ 20-26).

The improperly executed Security Deed was assigned by MERS without any reference to Nationwide Lending Corporation, the lender whose interest it was conveying, to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP, by assignment dated March 15, 2012 and recorded on March 23, 2012 in Deed Book 3891, Page 244, Dougherty County Deed Records. (Amended Compl. ¶ 10 & Exh."D").

Subsequently, on September 3, 2013, the Plaintiffs' home, which is the collateral described in the above referenced Security Deed was sold pursuant to notice at public

outcry by agents of Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP, as attorney in fact for Plaintiffs to the highest successful bidder which was the lien holder, Bank of America, N.A. That Deed Under Power was filed for record on October 23, 2013 at 11:46 a.m. and was recorded in Deed Book 4072, page 31-33, Dougherty County deed records. A copy of that Deed under Power is attached to Plaintiffs' Complaint as Exhibit "E". (Amended Compl. ¶ 12).

Simultaneously, a Special Warranty Deed conveying title to Defendant FHLMC, aka Freddie Mac was prepared and executed by Defendant's counsel who served as authorized attorneys in fact for both the lender, Bank of America, N.A. and Defendant Federal Home Loan Mortgage Corporation. The Special Warranty Deed is dated September 3, 2013, being the same date as the foreclosure sale, and was filed for record on October 23, 2014 at 11:46 a.m. in Deed Book 4072, pages 34-35, immediately following the Deed Under Power. (Amended Compl. & ¶ 12).

Plaintiffs have owned their home since 1981 without any incident or problem with any prior mortgage holder until the issues with Countrywide charging for a non-existent policy of credit life insurance occurred in 2008. (Amended Compl. ¶ 5).

Plaintiffs made a lump sum payment of $8,000.00 via Western Union "Quick Collect" to pay the missing five months' payments until BAC was able to locate the payment which was received by their acquired entity, Countrywide. (Amended Compl. ¶ ¶ 21-23).

Commencing in March of 2012, BAC placed Plaintiff's loan in foreclosure status without ever providing a requested payment record and without ever producing a copy

of any signed order for credit life insurance or explaining what happened to the five month's lost electronic payments to them and thereafter refused to accept any more payments from Plaintiffs so that further attempts at payment were futile until Plaintiffs were allowed to make payments to the Court's registry. (Amended Compl. ¶ ¶ 23, 26). Which they have done faithfully since.

BAC as successor to Nationwide Lending Corporation was obligated to deal fairly with Plaintiffs which included the duty to properly account for all payments from and charges imposed on Plaintiffs and to provide copies of documents forming the basis for additional charges as requested. (Amended Compl. ¶ 10, & Exh. "D").

Plaintiffs made all payments properly owed by them, plus late fees, which were not owed and duplicate payments that were not applied to their account because of the loan servicer's mistake in accounting for payments received but placed in a suspense account rather than applied to Plaintiff's mortgage and for a monthly premium charged for credit life insurance which was declined so that they were not in default on their mortgage at the time of foreclosure. (Amended Compl. ¶ ¶ 14, 19).

In spite of years of efforts to have Defendant FHLMC's predecessors in title to investigate and confirm the truth of Plaintiff's allegations and accurately account for Plaintiffs' payments, the residence was foreclosed on September 3, 2013 (Amended Compl. ¶ 11 & Exh. E). Defendant filed a dispossessory action in the Magistrate Court of Dougherty County prior to having a deed placed on record placing title in them. That case, bearing number 2013-4891CD was dismissed for that reason.

Subsequently, the Deed under Power was filed for record on October 23, 2013 in Deed Book 4072 Page 31 and the Special Warranty Deed from Bank of America,

N.A. to Defendant Federal Home Loan Mortgage Corp., was filed on October 23, 2013 in Deed Book 4072, Page 34 (Amended Compl. Exh. F). A second dispossessory action was filed and a Writ of Possession was issued in the second action which was appealed to the Superior Court of Dougherty County, Georgia and became Civil Action File No. 13 CV 2467. Because an appeal from a Magistrate Court Dispossessory Action is limited to a retrial of the same issues a separate action was filed in Superior Court of Dougherty County, being Civil Action File No.14CV1513-2 for the purpose of making a declaratory judgment as to the state of the title to the property, enjoining the eviction of Plaintiffs and seeking to set aside foreclosure and for damages sustained in the wrongful foreclosure. That action was removed to this Honorable Court by Defendant on the basis of allegations of diversity and alleging the amount in controversy, being the value of the residence, to be more than $75,000.00. An extension of time in which to respond of ninety (90) days was consented to in order to afford Defendant time to investigate Plaintiff's allegations and the payment records of Defendants and their predecessors. No evidence of any investigation has been provided by Defendant's counsel to Plaintiff and Defendant has filed the instant Motion to Dismiss.

The Court ordered the parties to explain the basis for federal subject matter jurisdiction, to which Plaintiffs mistakenly did not timely respond because Plaintiffs do not believe that it was necessary to remove the case to this Honorable Court as the Defendant is subject to the jurisdiction of the Superior Court of Dougherty County, Georgia. Plaintiffs did not file a request to remand the case back to Superior Court as

the Plaintiffs are willing to litigate their claim in whatever forum has proper jurisdiction and venue and is willing to fairly consider the facts in evidence and the controlling law.

Plaintiffs have complied with the terms of their original loan agreement and have been subjected to the frustration of dealing with a lender who has ignored repeated requests to correct its own errors. Plaintiffs have been facing the loss of their home, in spite of having faithfully made every payment when due which the lender would accept since 2008. (Amended Compl. ¶¶ 23-26). The Plaintiffs now face the very real possibility of losing their home of thirty-four (34) years through no fault of their own.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT IS NOT BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Defendants incorrectly allege that the applicable statute of limitations is six years pursuant to the provisions of O.C.G.A. § 9-3-24 dealing with actions on simple contracts. The correct statute of limitations is Twenty Years (20) and is set forth in O.C.G.A. § 9-3-23 "Actions on bonds or instruments under seal". That section deals specifically with security deeds which are signed under seal as was the Deed to Secure Debt upon which this action has been brought. Clearly the applicable statute of limitations is twenty (20) years and not six years. The earliest possible date for the commencement of Defendants' obligations would be the deed date of August 14, 2007 which is clearly within twenty years of the filing of this action. All of the actions complained of by Plaintiff are within the applicable statute of limitations and the defense claiming otherwise if fatally defective and should be denied.

It could be argued that to raise such an obviously inapplicable defense is in bad faith. Even if the Court were to agree that the applicable statute of limitations is six years, which it is indisputably not, Defendants' alleged behavior before 2009, should be considered by this Court because Defendants' actions prior to 2009 demonstrate a clear pattern of errors and recklessness on the part of Defendants which resulted in the wrongful foreclosure of Plaintiffs' property. The totality of the actions by Defendant from start to finish make it clear that there was no good faith foreclosure of Plaintiffs' property and subsequently there was no good faith purchase for value. Any misdeeds described by Plaintiffs in their complaint are relevant and are properly before this Court.

Defendant rightly states that Federal Home Loan Mortgage Corporation was not a servicer of the loan. However, Defendants ignore the fact that Federal Home Loan Mortgage Corporation is so intermingled with BAC and Bank of America N.A. that to dismiss any claim Plaintiffs have against Defendant Federal Home Loan Mortgage Corporation would result in allowing it to profit from its alter ego's misdeeds. Federal Home Loan Mortgage Company shares the same agents for execution of its documents, dictates the underwriting, reporting and management practices of BAC and Bank of America N.A. for its FHLMC backed loans and is closely identified with Bank of America N.A. inasmuch as it immediately took title by special warranty deed upon completion of the foreclosure sale and execution of the Deed Under Power. Defendant Federal Home Loan Mortgage Corporation is a necessary party to this action to establish title to the subject property and to adjudicate the distribution of funds held on deposit in the court's registry. In fact upon service being perfected upon Federal Home

Loan Mortgage Corporation the two defendants immediately entered into a joint defense of the action.

While Federal Home Loan Mortgage Corporation did not take the actions that caused the problems with Plaintiffs' loan account, it is now attempting to reap the benefits of its alter ego, Defendant, Bank of America, N.A.'s breach of its duty to honor the terms of its loan contract with Plaintiffs.

## II. PLAINTIFFS MAY MAINTAIN A CAUSE OF ACTION AGAINST DEFENDANTS FOR WRONGFUL FORECLOSURE

"In order to pursue a claim of wrongful foreclosure the Plaintiff must establish a legal duty owed to (him) by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury sustained, and damages" Heritage Creek Dev.Corp., v. Colonial Bank, 268 Ga. App.369, 601 S.E.2d 842, 844 (Ga. Ct. App., 2004).

Nationwide Lending Corporation and Bank of America, N.A. as the assignee owed a duty to Plaintiffs to deal fairly and honestly with them. Included within that duty was the duty to accurately account for payments made and to not charge unauthorized fees. The plaintiffs have alleged, and it must be treated as true, that charges were improperly assessed and payments incorrectly applied or allocated, which breach of duty is the direct cause for the placement of Plaintiff's loan in foreclosure status and the refusal to accept payments for two years while refusing or failing to investigate and provide an accounting for the payments received. Based on those facts alone Defendants cannot maintain that the foreclosure was performed in good faith.

Defendants argue that the general rule on foreclosing parties is that "in exercising a power of sale, the foreclosing party is required only to advertise and sell the property in accordance with the terms of the instrument and to conduct the sale in good faith." Rapps v. Cooke, 246 Ga. App. 251, 540 S.E.2d 241, 243 (2000). Defendants go on to quote Wigman v. Suntrust Mortgage, Inc., 2010 U.S. Dist. LEXIS 142527 at *28(N.D. Ga. Feb. 3, 2010) citing McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132 (2000) for the proposition that "[a] violation of the [foreclosure] statute is necessary to constitute a wrongful foreclosure".

To this day, Plaintiffs have yet to receive any documentation from BAC Home Loans Servicing, L. P., or Bank of America N.A., which would establish the amount of monies which should be owed by Plaintiffs if the payments received from them were all properly credited. In spite of multiple written requests for an investigation into this question Bank of America has not disclosed their version of the Plaintiffs' payment history and escrow account. The correct balance has never been provided to Plaintiffs including proper credit for the mis-allocated payments made online between the January 2009 and May 2009 so that any notice of foreclosure setting forth a purported balance due could not have been correct and the non-judicial foreclosure process requirement of strict compliance with the statutory process was flawed and the foreclosure therefore wrongful. There has never been an adjustment made to the loan balance because of the funds which were paid a second time to cover the lost payments and which funds were held in a suspense account along with other funds which were paid and not accepted because they did not include the amount necessary for the life insurance premium which was improperly charged.

The facts as set forth above and in Plaintiffs' Complaint make it clear that Plaintiffs were not in default at the time their home was foreclosed. Plaintiffs were foreclosed upon due to errors made by Defendants. The fact that there was no rightful basis on which to foreclose on Plaintiffs' home makes any foreclosure of their home the very essence of a wrongful foreclosure from which Plaintiffs are entitled to relief.

## III. DEFENDANTS' ARGUMENT THAT PLAINTIFFS ARE NOT ENTITLED TO EQUITABLE RELIEF AND DAMAGES IS WITHOUT MERIT.

Defendants' position that Plaintiffs' remedies are limited to setting aside the completed foreclosure or suing for damages is without merit. In support of their argument Defendants cite Racette v. Bank of Am. N.A., 318 Ga. App. 171, 178, 733 S.E.2d 457, 464 (2012). However, in Racette, the plaintiffs sued for both equitable relief and for damages arising from intentional infliction of emotional distress and breach of contract. Although certain claims brought by the plaintiffs were dismissed by the trial court and affirmed by the Court of Appeals, nowhere in their opinion does the Court state that plaintiffs were prevented from seeking both equitable relief and damages.

Defendants' argument has been rejected by Georgia courts. In Clark v. West, the Court of Appeals recognized that a plaintiff may sue for both equitable relief and damages in a wrongful foreclosure action. 196 Ga. App. 456, 456-457, 395 S.E.2d 884, 885 (1990). In cases in which recovery of the property is sought along with damages for other breaches of duty and other losses, equitable relief and damages are permissible. Id.

In the instant action, Plaintiffs not only sought the cancellation of the foreclosure of their home, they sought damages for various breaches of good faith committed by

Defendants but also for damages such as to compensate for the hurt feelings and embarrassment suffered by Plaintiffs. Therefore, in the event Plaintiffs prevail, they would be entitled to both equitable relief and damages.

## IV. PLAINTIFFS CAN CONTEST THE FORECLOSURE OF THEIR HOME WITHOUT FIRST TENDERING THE FULL BALANCE DUE.

Defendants argue that to bring the wrongful foreclosure action that Plaintiffs must first tender the full balance due. The case of Michel v. Pickett, 241 Ga. 528, (1978) cited by Defendants required payment in full in order to enjoin the foreclosure from happening even though plaintiffs alleged a breach of contract by lender. It does not apply to the instant case in which the foreclosure has been accomplished and plaintiffs seek to restore their title to the property. Defendants argue that Plaintiffs have made no showing that they have tendered the amount due under the terms of the loan. However, Plaintiffs have paid every payment when due except for the payments for insurance for which there was never an agreement or obligation to make payments. Had they been given an accounting whereby the amount due could have been computed it would have been possible for Plaintiffs to tender a payment. Defendants' position attempts to punish Plaintiffs for errors and mistakes for which Defendants are solely responsible.

The Case of Rourk v. Bank of American National Association, 587 Fed. Appx. 597, Sept. 30, 2014, held that "Under Georgia law, a borrower may not withhold mortgage payments, even when there is a good faith dispute as to the amount owed. Mitchell v. Interbay Funding, LLC, 279 Ga.App. 323, 630 S.E.2d 909, 911 (2006) ("[E]ven if a bona fide controversy existed as to liability for this additional amount, the [borrowers] were obligated to pay the monthly sum they admittedly owed under the promissory note.");

*see* Grebel v. Prince, 232 Ga.App. 361, 501 S.E.2d 538, 542 (1998) ("Where there is bona fide controversy over amount required to satisfy debtor's obligation, debtor should be required to tender only such sums as are admittedly due under the note, not all sums which may be claimed by creditor as is due." (internal quotation marks and brackets omitted).

Although tender of mortgage payments, like other contractual obligations may be excused, such excuse is permitted only under limited circumstances: "If the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance." Ga.Code Ann. § 13–4–23 (2013); *see* Grebel, 501 S.E.2d at 542 ("[T]ender is unnecessary where the person to whom the money is due states that the tender would be refused if made"). Under this standard, the non-breaching party's performance must have been rendered "useless or impossible" in order to *599 be excused. Ott v. Vineville Mkt., Ltd., 203 Ga.App. 80, 416 S.E.2d 362, 363 (1992); *see* L.D.F. Family Farm, Inc. v. Charterbank, 326 Ga.App. 361, 756 S.E.2d 593, 598 (2014) (holding that a debtor's nonperformance must have been caused by the conduct of the lender, which made performance useless or impossible); *see also* Moody Nat'l RI Atlanta H, LLC v. RLJ III Fin. Atlanta, LLC, No. 1:09–cv–3676–WSD, 2010 WL 163296 (N.D.Ga. Jan. 14, 2010) (rejecting mortgagor's argument that mortgagee's demand of default interest caused and excused mortgagor's nonperformance in not making a timely payment, stating that mortgagor "took a calculated risk by not making a timely payment, knowing that doing so was a breach of the Note"). Rourk v. Bank of Am. Nat. Ass'n, 587 F. App'x 597, 598-99 (11th Cir. 2014)

Defendants have failed to provide Plaintiffs with any documentation establishing the amount of monies which should be owed by Plaintiffs if all of the payments received from them were properly credited. Defendants' failure to provide said information comes despite Plaintiffs making multiple written requests for same. There has never been an adjustment made to the loan balance because of the funds which were paid a second time to cover the lost payments and which funds were held in a suspense account along with other funds which were paid and not accepted because they did not include the amount necessary for the life insurance premium which was improperly charged.

## V. ANY DISMISSAL OF PLAINTIFFS' CLAIMS FOR ATTORNEY'S FEES AND PUNITIVE DAMAGES WOULD BE PREMATURE.

Defendants correctly point out that Attorneys' fees and punitive damages are not independent causes of action. However, Defendants' position that these claims must fail is premature and assumes that Plaintiffs have no substantive claims upon which this Court can grant relief. As Plaintiffs have made clear, they do have substantive claims upon which this Court can grant relief. Should Plaintiff's substantive claims be successful this Court would at that point consider Plaintiffs claims for attorneys' fees and punitive damages.

## CONCLUSION

Defendants' Motion to Dismiss Plaintiffs' Complaint is without merit. Plaintiffs' Complaint is well pled and contains specific acts of misfeasance and misconduct on the part of Defendants. Defendants' Complaint is plausible on its face and is more substantial than a mere recitation of the elements of a cause of action.

Plaintiffs' inclusion of facts, actions and behaviors taken by Defendants prior to 2009 are well within the applicable twenty year statute of limitations and are relevant and should be considered by this Court inasmuch as they demonstrate a pattern of behavior that makes it impossible for Defendants' to claim that foreclosure and subsequent purchase of Plaintiff's residence were done in good faith.

Plaintiffs were not required to tender the full amount owed on the loan prior to bringing the present action due to the actions of Defendants in failing to provide an accurate accounting of Plaintiffs payments which never ceased until Defendant refused to accept them. Neither are Plaintiffs prevented from seeking both equitable relief and damages.

For all of the foregoing reasons Plaintiffs' pray that Defendants' Motion to Dismiss be denied.

Respectfully submitted this 31st day of December, 2015.

L. Clayton Smith, Jr.
Ga. Bar No. 661310
L. Clayton Smith, Jr., P.C.
P.O. Box 70875
Albany, GA 31708
Tel. 229-434-1070
Fax. 229-434-0322
lcslaw@bellsouth.net

Attorney for Plaintiffs
Paul Malone, Sr.,
and Faith Lanier Malone

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PAUL MALONE, SR. and FAITH LANIER MALONE, Plaintiffs, | : | |
| v. | : | CIVIL ACTION FILE NO. 1:14-CV-193 (WLS) |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, and BANK OF AMERICA, N.A. Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2015, I filed a true and correct copy of the foregoing Response to Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF System that served a true and correct copy of same on counsel for all parties.

L. Clayton Smith, Jr.
Ga. Bar No. 661310
L. Clayton Smith, Jr., P.C.
P.O. Box 70875
Albany, GA 31708
Tel. 229-434-1070
Fax. 229-434-0322
lcslaw@bellsouth.net

Attorney for Plaintiffs
Paul Malone, Sr.,
and Faith Lanier Malone